**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thomas E. Nangle** | ) | Case No. CA 05 029ML |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **VERIFIED COMPLAINT** |
| | ) | |
| **Summit Sales Associates, Inc.** | ) | |
| **Defendant** | ) | |
| | ) | |

**PARTIES AND JURISDICTION**

1. The Plaintiff, Thomas Nangle, is a resident and domiciled inhabitant of the State of Rhode Island residing at 14 Lucille Drive Greenville, Rhode Island.

2. The Defendant, Summit Sales Associates, Inc., is a New York corporation with its principal place of business at 4654 Clover Street Honeoye Falls, New York.

3. This Court has jurisdiction over this matter based on the diversity of citizenship of the parties and the fact that the amount in controversy exceeds $75,000.00.

**STATEMENT OF FACTS**

4. On May 15, 2002, the parties entered into a written contract whereby the Plaintiff would act as an independent sales contractor for the Defendant ("Contract"). (A copy of the contract is attached hereto as Exhibit A).

5. At all relevant times hereto, the Defendant was engaged in the business of providing manufacturers with an independent sales force for their products in certain geographical areas.

6. At all relevant times hereto, the Defendant offered its services as an outside sales force to manufacturers who sold their products in Rhode Island to rental stores, contractors supply stores and equipment dealers.

7. At all relevant times hereto, the Defendant did engage in commerce through its independent sales representatives on behalf of manufacturers who desired to sell their products in Rhode Island.

8. The Contract was prepared in New York and transmitted to the Plaintiff via facsimile in Rhode Island.



1

9. The Plaintiff executed the Contract in Rhode Island.

10. In accordance with the terms of the Contract, the Plaintiff was assigned a sales territory of Connecticut, Rhode Island and lower New York.

11. The Contract stated that the Plaintiff was to be paid for his services by the Defendant on a commission basis only.

12. The Contract states that the Plaintiff was to receive seventy (70%) percent of all sales he made and the Defendant was to receive thirty (30%) percent.

13. Paragraph 7 of the Contract states that there were to be "no house accounts" and that all accounts would be credited to the Plaintiff.

14. Paragraph 9 of the Contract required that the Defendant pay for disability insurance to the Plaintiff.

15. The Defendant did not provide disability insurance to the Plaintiff.

16. Paragraph 2 of the Contract required the Defendant to forward commission checks to the Plaintiff two times per month.

17. In 2004, the relationship between the parties deteriorated and the Plaintiff terminated the Contract effective June 15, 2004. (A copy of the Plaintiff's resignation letter is attached hereto as Exhibit B.)

18. That the Defendant acknowledged and confirmed the Plaintiff's termination of the Contract by letter dated June 15, 2004 (the "Letter"). (A copy of the June 15, 1004 letter is attached hereto as Exhibit C).

19. The Defendant notified its customers of the fact that the Plaintiff would no longer be its sales representative in Rhode Island by letter dated June 29, 2004. (A copy of this letter is attached as Exhibit D.)

20. In the first full paragraph of the Letter at line four, the Defendant acknowledges that Plaintiff was "due commissions generated during your time with Summit and will be paid in full as they are paid to us."

21. That on June 15, 2004, the Plaintiff was owed commissions by the Defendant for sales he had closed.

22. That on June 15, 2004, the Plaintiff was owed commissions by the Defendant on all house accounts in his territory.

23. That the Plaintiff has made repeated demands upon the Defendant to pay him the commissions he is owed pursuant to the terms of the Contract.

24. That the Defendant has refused and continues to refuse to pay the Plaintiff the commissions he was owed on June 15, 2004, in accordance with the terms of the Contract.

25. That the Defendant has breached the terms of the Contract by refusing to pay the Plaintiff the commissions he was owed as of June 15, 2004.

26. At all relevant times hereto, the Plaintiff has complied with the terms of the Contract.

**COUNT I - (BREACH OF CONTRACT)**

27. The Plaintiff realleges and incorporates herein Paragraphs 1 through 26 of this Verified Complaint as if fully set forth herein.

28. On May 15, 2002, the parties entered into a written contract whereby the Plaintiff would act as an independent sales contractor for the Defendant. ("Contract") (A copy of the contract is attached hereto as Exhibit A).

29. In accordance with the terms of the Contract, the Plaintiff was assigned a sales territory of Connecticut, Rhode Island and lower New York.

30. The Contract stated that the Plaintiff was to be paid for his services by the Defendant on a commission basis only.

31. The Contract states that the Plaintiff was to receive seventy (70%) percent of all sales he made and the Defendant was to receive thirty (30%) percent.

32. Paragraph 7 of the Contract states that there were to be "no house accounts" and that all accounts would be credited to the Plaintiff.

33. Paragraph 9 of the Contract required that the Defendant pay for disability insurance to the Plaintiff.

34. The Defendant did not provide disability insurance to the Plaintiff.

35. Paragraph 2 of the Contract required the Defendant to forward commission checks to the Plaintiff two times per month.

36. In 2004, the relationship between the parties deteriorated and the Plaintiff terminated the Contract effective June 15, 2004. (A copy of the Plaintiff's resignation letter is attached hereto as Exhibit B.)

37. That on June 15, 2004, the Plaintiff was owed commissions by the Defendant for sales he had closed.

38. That on June 15, 2004, the Plaintiff was owed commissions by the Defendant on all house accounts in his territory.

39. That the Plaintiff has made repeated demands upon the Defendant to pay him the commissions he is owed pursuant to the terms of the Contract.

40. That the Defendant has refused and continues to refuse to pay the Plaintiff the commissions he was owed on June 15, 2004, in accordance with the terms of the Contract.

41. That the Defendant has breached the terms of the Contract by refusing to pay the Plaintiff the commissions he was owed as of June 15, 2004.

42. At all relevant times hereto, the Plaintiff has complied with the terms of the Contract.

43. The Plaintiff has sustained damages due to the Defendant's breach of the terms of the Contract.

WHEREFORE, the Plaintiff, Thomas Nangle, hereby demands judgment against the Defendant, Summit Sales Associates, Inc., in an amount sufficient to center jurisdiction upon the Honorable Court plus costs, interest and attorney's fees.

**COUNT II - UNJUST ENRICHMENT**

44. The Plaintiff realleges and incorporates herein Paragraphs 1 through 44 of this Verified Complaint as if fully set forth herein.

45. That between June 2003 and June 2004, the Plaintiff did make certain sales as the agent of the Defendant.

46. That the Plaintiff reasonably expected to be paid for the services rendered as the Defendant's agent for the sales made between June 2003 and June 2004.

47. That the Plaintiff has made repeated requests for payment from the Defendant.

48. That the Defendant refused and continues to refuse to compensate the Plaintiff for work he performed as its agent between June 2003 and June 2004.

49. That the Plaintiff relied on the Defendant's promise to pay him for the sales closed to his detriment.

50. That the Defendant has been unjustly enriched by the Plaintiff's work as its agent between June 2003 and June 2004.

51. That at all relevant times hereto, the Plaintiff compiled with terms of his agreement with the Defendant.

WHEREFORE, the Plaintiff, Thomas Nangle, hereby demands judgment against the Defendant, Summit Sales Associates, Inc., in an amount sufficient to center jurisdiction upon the Honorable Court plus costs, interest and attorney's fees.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AND DESIGNATES TIMOTHY J. ROBENHYMER AS TRIAL ATTORNEY

Thomas E. Nangle, being duly sworn, does depose and state that he is the Plaintiff in the within action; that he has read the Verified Complaint above and knows the contents thereof; that the same are true to his knowledge except as to matters therein stated to be alleged on information and belief; and then as to those matters he believes to be true.

____________________________
Thomas E. Nangle

Signed and sworn to before me this 19th day of January, 2005.

____________________________
Notary Public
My Commission Expires: 12/3/06

Plaintiff,
Thomas E. Nangle,
By his attorney,

____________________________
Timothy J. Robenhymer, # 4419
376 Broadway
Providence, RI 02909
(401) 521-8400
(401) 521-8405 - facsimile

FILED
05 JAN 27 A 11:52
DISTRICT COURT
OF RHODE ISLAND

# EXHIBIT A

**SUMMIT SALES ASSOCIATES INC.**

To: Tom Naugle
From: Greg Martin
Subject: Position At Summit Sales

Tom:

Thanks for understanding the benefits if working for Summit..

#1 All commissions will be split 70% to you. 30% to Summit Sales
#2 You will receive a check2 times per month.
#3 Summit will pay you $600.00 for approximately 12 months for your car payment. $625 gm
#4 Your territory will be Connecticut, Rhode Island and lower New York. (Including Queens, Yonkers and the Bronx) a territory with $125,000.00 built in.
#5 You will be supplied with catalogs, stationary, 800 telephone number, calendars, business cards, etc.
#6 The only line not in Connecticut and Rhode Island is Toro. I'm sure it will be in the future.
#7 No house accounts. All are yours.
#8 Summit will pay flights and hotels for 2 major shows, many dinners and most golf.
#9 Summit will pay for disability insurance.
#10 Summit will provide print outs of all commissions monthly. We will also provide customer lists and the products they buy-sorted by manufacturer.
#11 Summit will support you by riding with youand giving you all the tools to be successful.

Sincerely,

[signature]
Greg Martin, President Summit Sales Associates, Inc.

5/15/02
Date

[signature]
Tom Nangle

5/15/02
Date

SUMMIT SALES ASSOCIATES INC. • 4654 Clover Street • Honeoye Falls, N.Y. 14472 • (716) 258-1933 • 1-800-872-4479 • FAX (716) 624-1850

# EXHIBIT B

Date: June 15, 2004

To: Greg Martin
Summit Sales, Inc.

cc: Ken Pinkham

From: Tom Nangle

Dear Greg,

As discussed, I am resigning from Summit Sales as sales representative for the Connecticut, Rhode Island and Lower New York territory effective June 30, 2004 to pursue other interests.

With your encouragement and support, my time with Summit Sales has been at times both challenging and rewarding.

As discussed, I remain available to assist Summit Sales through this transition. Should you need me, please don't hesitate to call.

I would like to thank you, Ken and Marylou for the opportunity.

Sincerely,

Thomas E. Nangle
401-692-1428

# EXHIBIT C

SUMMIT SALES ASSOCIATES INC.

TO: Mr. Tom Nangle
DATE: June 15, 2004
RE: Moving On

We also would like to thank you for your efforts in Summit Sales over the last few years. We all agree, as you stated, that it is time for you to move on. Unfortunately, in this industry two weeks notice is not the norm and your resignation will be considered effective June 15, 2004. You are of course due commissions generated during your time with Summit and will be paid in full as they are paid to us. As you know, there are some things that we need from you upon leaving.

Consignment We will need a full list from all manufacturers of what you are responsible for. A visual check will be done by either Ken or I as required by our manufacturers. You have always been very good about keeping track of things, so anticipate no problems with your inventory.

Confidentiality All customer lists from Summit and our manufacturers are confidential. These are not to be shared with anyone including future employers and competitors. This is also true for all sales figures, year to date numbers and internal memos. Any breach of this confidentiality will be considered very serious and be dealt with accordingly. We will need your customer cards complete and up to date as part of the agreement made when you joined Summit.

I hope that you will speak highly of Summit and our manufacturers as we will of you. Good luck in the future. I will inform all manufacturers immediately. Please refer all your calls to Ken or me. A message on your cell would be greatly appreciated.

Sincerely,

Greg Martin, President
SUMMIT SALES ASSOCIATES, INC.

# EXHIBIT D

SUMMIT SALES ASSOCIATES INC.

TO: Our Valued Customers
FROM: Summit Sales
SUBJECT: New Employee
DATE: June 29, 2004

We would first like to thank all of you for giving us our biggest year in 2003. Many of you may already know that Tom Nangle has decided to move on and is no longer working for Summit Sales. We wish Tom the best of luck in his future endeavors.

We would like to introduce Paul Biagi to our team. Paul comes highly recommended and after meeting him you will know why. He has been in sales for over fifteen years. He is familiar with many of our products and has sold them in the past.

If you need special attention right away please call me, Greg Martin at 585-738-4321 or Ken Pinkham at 508-277-4191. Paul's information is listed below. He will be starting July 1, 2004. Please be sure to add this information to your Summit catalog. We know many of you have catalogs that might not be up to date. Please let us know if yours is not and we will make it a priority. If you don't have a catalog, please let us know and we will get you one ASAP.

Change is inevitable in this industry. We have reacted quickly in order to maintain the consistency in service and support that our customers deserve. Our relationship with our customers is paramount. This change will prove to be a positive one. Thank you for your support and understanding.

Paul Biagi
508-561-9080 (cell/messages)
508-533-0434 (FAX)

Sincerely,

Greg Martin, President
SUMMIT SALES ASSOCIATES, INC.

For our customers in lower New York Josh Kowalski will be covering your account.
518-281-2443 (cell/messages)
518-630-0444 (FAX)