**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS E. NAGLE,** <br> **Plaintiff,** | : <br> : <br> : | |
| **vs.** | : | **C.A. No: 05-029ML** |
| **SUMMIT SALES ASSOCIATES, INC.,** <br> **Defendant.** | : <br> : <br> : | |

**MOTION OF DEFENDANT**
**SUMMIT SALES ASSOCIATES, INC. TO DISMISS PURSUANT**
**TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

For the reasons set forth in the accompanying Memorandum of Law, defendant hereby respectfully moves the Honorable Court for an order dismissing the complaint pursuant to Rule 12(b)(6) for failure to state a claim.

Defendant,
Summit Sales Associates, Inc.
By its attorney,

George E. Lieberman (3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

**CERTIFICATION**

I hereby certify that on the 17th day of March 2005, I mailed a true copy of the within Motion to Timothy J. Robenhymer, Esq., 376 Broadway, Providence, Rhode Island 02909.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;408872;1

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS E. NAGLE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No: 05-029ML** |
| | : | |
| **SUMMIT SALES ASSOCIATES, INC.,** | : | |
| **Defendant.** | : | |

**MEMORANDUM OF LAW OF DEFENDANT SUMMIT SALES ASSOCIATES, INC. IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

George E. Lieberman (3860)
Attorney for Defendant
Summit Sales Associates, Inc.
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . 1

II. TRAVEL AND NATURE OF CASE . . . . . . . . . . 1

III. RECORD UPON WHICH AND RULES OF CONSTRUCTION EMPLOYED IN DETERMINING A RULE 12(b)(6)MOTION . . . . . . . . . . 2

IV. STATEMENT OF FACTS . . . . . . . . . . 3

V. DISCUSSION . . . . . . . . . . 4

VI. CONCLUSION . . . . . . . . . . 5

Wherefore, respectfully, the Motion of Defendant to Dismiss should be granted and the claim for attorneys fees in Counts I and II and Count II of the Complaint dismissed.

# I. INTRODUCTION

## A. Nature of Motion

Defendant Summit Sales Associates, Inc. ("Summit") respectfully submit this Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. R. 12(b)(6) ("Rule") and, respectfully, asks the Honorable Court to dismiss the claim of plaintiff for attorneys fees in Counts I and II and Count II of the complaint.

# II. TRAVEL AND NATURE OF CASE

Plaintiff filed his complaint on or about January 19, 2005. Summit timely files its Motion.

Plaintiff avers in his complaint that he entered into a written contract with Summit providing that plaintiff would act as independent sales contractor for Summit in connection with the sale of certain products of manufacturers which were customers of Summit. Plaintiff argues that Summit terminated the contract and that he is owed sales commissions.

This diversity civil action is controlled by Rhode Island law.

## III. RECORD UPON WHICH AND RULES OF CONSTRUCTION EMPLOYED IN DETERMINING A RULE 12(b)(6)MOTION[1]

In a Rule 12(b)(6) motion context, the complaint is read in a light favorable to plaintiff, well-pled facts in the complaint are accepted as true and inferences favorable to plaintiff which are reasonably based upon those well-pled facts are drawn. Legal opinions, unsupported conclusions and unwarranted inferences or deductions are not accepted as true. 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 311-319 (2d ed. 1990) ("Wright"); Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).[2] Additionally, "a plaintiff must set forth in his complaint factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" Remco Distrib., Inc. v. Oreck Corp., 814 F. Supp. 171, 174 (D.Mass. 1992), aff'd, 981 F.2d 1245 (1st Cir. 1992).

---

1 Summit recognizes that Fed. R. Civ. P. 8(a) permits inconsistent claims, but respectfully submits that plaintiff can not press at the same time inconsistent at-law and equitable claims, i.e., contract, and quasi-contract. See Section VI, at 5, infra. See Gannett Co., Inc. v. Register Publishing Co., 428 F. Supp. 818, 824-26 (D. Conn. 1977). The speedy, inexpensive, and orderly resolution of this action is best assured by narrowing plaintiff's claims to those which it truly may have, if any. See Rule 1.

2 See also Resolution Trust Corp. v. Driscoll, 985 F.2d 44, 48 (1st Cir. 1993); Lee v. Life Ins. Co. of North America, 829 F. Supp. 529 (D.R.I. 1993), aff'd, 23 F.3d 14 (1st Cir. 1994), cert. denied, 513 U.S. 964 (1994). Conclusory assertions as to the right to relief will not save an insufficient complaint. Wright § 1357, at 319; Riverhouse Publ'g Co. v. Porter, 287 F. Supp. 1, 3 (D.R.I. 1968). A court has no discretion but to dismiss an insufficient claim. Fleet Credit Corp. v. Sion, 893 F.2d 441, 444 (1st Cir. 1990); Wright, §1357, at 303.

Further, to the extent that an attached exhibit to the complaint, here, Exhibit B, plaintiff's notice of resignation, is inconsistent with the averment(s) of the complaint, here paragraph 17 of the complaint, the terms of the exhibit controls. Ott v. Home Sav. & Loan Assoc., 265 F.2d 643, 646n.1 (9th Cir. 1958).

## IV. STATEMENT OF FACTS[3]

Plaintiff is a citizen of the State of Rhode Island.(1)[4] Summit is a corporation and citizen of New York.(2) Summit is in the business of providing manufacturers with an independent sales force in certain geographical areas.(5)

Plaintiff entered into a written contract with Summit whereby plaintiff was to act as an independent sales contractor for Summit in the geographical areas of Connecticut, Lower New York and Rhode Island. (4, 6, 10). Plaintiff was to be paid for services on a commission basis only. (11) By letter dated June 15, 2004 (Exhibit B), plaintiff notified Summit he was "resigning. . . as a [Summit] sales representative. . . effective June 30, 2004 to pursue other interests."[5]

---

3 The facts recited in this motion are taken from the complaint of plaintiff and, for purposes of this motion only, assumed to be true.

4 The numbers are references to the relevant paragraph numbers of the complaint.

5 Exhibit B controls over the inconsistent averment of a June 15, 2004, resignation pled in paragraph 17 of the complaint. See Ott, 265 F.2d at 646n.1. Summit believes that plaintiff's so-called "other interests" referred to by plaintiff in his June 15, 2004 notice of resignation was to compete directly with it by improperly using its trade secrets and confidential business information. Indeed, although plaintiff resigned as of June 30, 2004, the records of the Secretary of State of Rhode Island show that as of June 10, 2004, plaintiff had already formed a limited liability company of which he is manager, which company was authorized to engage in the same

(continued...)

## V. DISCUSSION

### 1. Denial and Dismissal of Demand for Attorneys Fees

Although plaintiff demands attorneys fees in Counts I and II of his complaint, he cites no provision in his contract or any statute authorizing such recovery. The American Rule requires that each party to a lawsuit pay its own attorneys fees. Metro Properties, Inc. v. Yatsko, 763 A.2d 617, 622 (R.I. 2000); Newport Yacht Management, Inc. v. Clark, 567 A.2d 364, 367 (R.I. 1989). The American Rule requires dismissal of plaintiff's demand for attorneys fees.

For these reasons, plaintiff's claim for attorneys fees in Counts I and II of the complaint should be dismissed for failure to state a claim upon which relief can be granted.

### (Count II)
### 2. Dismissal of Equitable Claim of Unjust Enrichment

The same facts underly Count I (breach of contract - at law claim) and Count II (unjust enrichment - equitable claim) of the complaint. In his complaint, plaintiff incorporates in Count II of the complaint all the preceding paragraphs, including the

---

[5](...continued)
business as Summit. Moreover, Summit believes that plaintiff was secretly engaging in improper activities detrimental to Summit's interests while serving as Summit's agent in order to position plaintiff in an unfair competitively advantageous position as to Summit. Plaintiff's conduct constitutes a breach of contract, of covenant of good faith and fiduciary duty and unfair business practices, fraud, and wrongful use of trade secrets and confidential and proprietary business information.

entire fact section and Count I. He also seeks the same damages in Count I as he does in Count II.

An unjust enrichment claim is not appropriate in a situation where an express contract is pled, as in this case. This "equitable doctrine [of unjust enrichment] only applies where there is no contract. . . . " Banco Totta e Acores v. Fleet Nat'l Bank, 768 F. Supp. 943, 946 n.3 (D.R.I. 1991) [emphasis in original]. See also Order of Chief Judge Torres in Microfibers, Inc. v. Systems & Computer Technology Corporation, et al., C.A. No. 01-0567 ("SCT Action") adopting portion of Report and Recommendation of Magistrate Judge Lovegreen (pages 1-2 and 26-27) in granting Rule 12(b)(6) motion of defendants dismissing unjust enrichment claim (Count XI in SCT Action), Exhibit A hereto. See also Mehan v. Gershkoff, 230 A.2d 867, 869-70 (R.I. 1967) ("It is well settled that where there is an express contract between the parties . . . there can be no implied contract [of unjust enrichment] . . . ."). Accordingly, Count II should be dismissed for failure to state a claim upon which relief can be granted.

## VI. CONCLUSION

WHEREFORE, for the foregoing reasons, defendant Summit respectfully asks the Court to grant its Rule 12(b)(6) motion and enter an order dismissing the claim for attorneys fees in Counts I and II and dismissing Count II of the complaint for failure to state a claim upon which relief can be granted.

Defendant,
Summit Sales Associates, Inc.
By its attorney,

George E. Lieberman (3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

**CERTIFICATION**

I hereby certify that on the 17th day of March 2005, I mailed a true copy of the within Memorandum to Timothy J. Robenhymer, Esq., 376 Broadway, Providence, Rhode Island 02909.

(A)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
JUL 17 2001

MICROFIBRES, INC.

Plaintiff

v.

C.A. 01-056T

SYSTEMS & COMPUTER TECHNOLOGY CORPORATION and SCT MANUFACTURING & DISTRIBUTION SYSTEMS, INC.

Defendants

## REPORT AND RECOMMENDATION

Robert W. Lovegreen, United States Magistrate Judge

Plaintiff Microfibres, Inc. ("Microfibres") filed this complaint on February 2, 2001, against defendants Systems & Computer Technology Corporation ("SCT Corp.") and SCT Manufacturing & Distribution Systems, Inc. ("SCT") alleging the following eleven (11) causes of action: equitable rescission / misrepresentation in the inducement; revocation of acceptance; breach of contract; breach of express warranty; breach of warranty of quality and performance in workmanlike manner; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; breach of implied warranty of integration; breach of implied covenant of good faith and fair dealing; misrepresentation; and unjust enrichment. Plaintiff seeks the following relief: rescission of the contract and an order requiring that all sums paid by plaintiff be refunded; a court declaration that plaintiff rightfully revoked its acceptance of the contract and an order that defendants refund the purchase price of the contract; compensatory and consequential damages; interest, costs and attorney fees; and such other equitable or injunctive relief as the court may deem necessary and proper. Subject-matter jurisdiction is alleged pursuant to 28 U.S.C. § 1332 and venue pursuant to 28 U.S.C. § 1491.

Now before the court is defendants' motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative for more definite statement, pursuant to Fed. R. Civ. P. 12(e), filed on April 6, 2001 ("Defendants' Memo"). Plaintiff opposed the motion by filing an objection on May 17, 2001 ("Plaintiff's Memo").

This matter has been referred to me for preliminary review, findings, and recommended

disposition. 28 U.S.C. § 636(b)(1)(B); Local Rule of Court 32(c). A hearing was held on June 27, 2001. After examining the memoranda submitted, listening to the arguments of counsel, and conducting my own research, I recommend that the court grant defendants' motion to dismiss Counts I (Equitable Rescission - Misrepresentation in the Inducement), II (Revocation of Acceptance), VI (Breach of Implied Warranty of Merchantability), VII (Breach of Implied Warranty of Fitness for a Particular Purpose), VIII (Breach of Implied Warranty of Integration), X (Misrepresentation), and XI (Unjust Enrichment). I recommend that the motion to dismiss be denied as to Counts III (Breach of Contract), IV (Breach of Express Warranty), V (Breach of Warranty of Quality and Performance in Workmanlike Manner), and IX (Breach of Implied Covenant of Good Faith and Fair Dealing). I further recommend that defendants' Rule 12(e) motion for more definite statement be denied.

Factual Background

a. General

This case concerns a contract for the license of a computer software program package and the services required to customize that software to accommodate plaintiff's business needs. Microfibres, a corporation headquartered in Pawtucket, Rhode Island, "manufactures and sells flocked fabrics[1] for use in the manufacture of residential upholstered furniture and other products." Complaint, ¶ 6. Because of the far ranging nature of its business (with facilities in North Carolina, Georgia, Mississippi, Ontario, and Belgium), Microfibres required a complex computer software program to track the rolls of fabric it distributed to their production lots of origin. Id. at ¶¶ 7-10. Microfibres also deemed it "imperative that [the] computer system manage inventory, orders, and shipments" given the individual units of measurement utilized (yards or meters) and accounting for other variables. Id.

In response to this need, Microfibres issued a Request for Proposal ("RFP") in November of 1997 seeking "a supplier of an enterprise resource planning ("ERP") computer software package," listing in detail the various tasks it would require the software to fulfill. Id. at ¶ 11. Plaintiff alleges that SCT (plaintiff does not distinguish between SCT Corp. and SCT[2]) "is in the business of selling computer software for use in business and industry," and that SCT responded to Microfibres' RFP in November of 1997, holding "itself out to have the necessary skill and expertise to select, license, install and maintain an integrated ERP system capable of meeting" Microfibres' needs. Id. at ¶¶ 12-13. Plaintiff states that "SCT represented that its integrated software package, the 'ADAGE' system, was capable of performing most of the functions

[1] "Flocked fabrics" are refuse wools or cottons used for stuffing furniture or mattresses. Merriam Webster's Collegiate Dictionary 447 (10th ed. 1996).

[2] SCT Corp. and SCT are Delaware corporations both with principal place of business in Pennsylvania, and SCT is a wholly owned subsidiary of SCT Corp. Defendants' Memo, P. 5.

> have any bargaining power and the ability to protect themselves from future problems.

Frances, 62 F. Supp. 2d at 518 (citing Hart Engineering Co. v. FMC Corp., 593 F. Supp. 1471, 1482-84 (D.R.I. 1984)).

In this case, just as in *Frances*, Microfibres' intentional and/or negligent misrepresentation claims are barred by the economic loss doctrine because Microfibres alleges that it incurred purely economic losses and because there was privity of contract between Microfibres and SCT. Microfibres claims that it incurred roughly $3 million in damages based solely on the customized ADAGE system's failure to operate as bargained for in the Agreement. Each party had a fair opportunity to negotiate the terms of that contract, and there is no allegation that an inequality in bargaining power existed here. Therefore, Microfibres' tort claims fail and any redress must be sought through a cause of action based on the Agreement itself. I recommend that defendants' motion to dismiss plaintiff's claim for misrepresentation, whether based upon intentional or negligent misrepresentation, be granted.

g. Unjust enrichment

It is well settled under Rhode Island law that

> in order to recover under a quasi-contract for unjust enrichment, a plaintiff is required to prove three elements: (1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof.

Corrado, Inc. v. Menard & Co. Building Contractors, 589 A.2d 1201, 1201-02 (R.I. 1991) (citing R&B Electric Co. v. Amco Construction Co., 471 A.2d 1351, 1355-56 (R.I. 1984). Actions brought upon theories of unjust enrichment and quasi-contract are essentially the same. R&B Electric Co., 471 A.2d at 1355. The concept of quasi-contractual liability rests upon the equitable principle that one shall not be permitted to enrich himself unjustly at the expense of another or to receive property or benefits without making proper compensation. Id. "The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust." Id. (citing Paschall's, Inc. v. Dozier, 219 Tenn. 45, 53, 57 (1966)). Most importantly for the present case, "[t]hat equitable doctrine [unjust enrichment] only applies where there is no contract between the parties and the law implies one to prevent the unjust enrichment of one party, and detriment to the other." Banco, 768 F. Supp. at 946 (citing Hurdis Realty Inc. v. Town of North Providence, 121 R.I. 275, 397 A.2d 896 (1979)). Here, there is an Agreement that describes the legal duties of both parties. Therefore, a cause of action for unjust enrichment is not permissible, and I recommend that the court grant defendants' motion to dismiss this claim.

h. Rule 12(e) motion

At oral argument, defense counsel stated that defendants pressed the Rule 12(e) motion only with respect to the count of misrepresentation. However, because of my recommendations on defendants' 12(b)(6) motion with respect to the count of misrepresentation, defendants' 12(e) motion is now moot. Therefore I recommend that the court dismiss the Rule 12(e) motion..

Conclusion

Based upon the foregoing, I recommend that the court grant defendants' motion to dismiss Counts I (Equitable Rescission - Misrepresentation in the Inducement), II (Revocation of Acceptance), VI (Breach of Implied Warranty of Merchantability), VII (Breach of Implied Warranty of Fitness for a Particular Purpose), VIII (Breach of Implied Warranty of Integration), X (Misrepresentation), and XI (Unjust Enrichment). I recommend that the motion to dismiss be denied as to Counts III (Breach of Contract), IV (Breach of Express Warranty), V (Breach of Warranty of Quality and Performance in Workmanlike Manner), and IX (Breach of Implied Covenant of Good Faith and Fair Dealing). I further recommend that defendants' Rule 12(e) motion for more definite statement be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Rule 32, Local Rules of Court; Fed.R.Civ.P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Robert W. Lovegreen
United States Magistrate Judge
July 16 , 2001

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DEC 19 2001

MICROFIBRES, INC.

v. CA No. 01-56-T

SYSTEMS & COMPUTER TECHNOLOGY CORPORATION, et al.

**ORDER GRANTING MOTION TO DISMISS SOME COUNTS**

For the reasons stated in open court on December 10, 2001, the recommendation contained in Magistrate Judge Lovegreen's Report and Recommendation dated July 16, 2001, that the defendant Systems & Computer Technology Corporation's motion to dismiss; and the remaining defendants' motion to dismiss Counts 2, 6, 7, 8, 10, and 11 be granted and that the remaining defendants' motion to dismiss as to Counts 3, 4, 5, and 9 of plaintiff's complaint be denied is hereby accepted. The recommendation that Count 1 be dismissed is rejected.

By Order

Deputy Clerk

ENTER:

Ernest C. Torres
Chief Judge

Date: 12/17, 2001

40