**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS E. NAGLE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No: 05-029ML** |
| | : | |
| **SUMMIT SALES ASSOCIATES, INC.,** | : | |
| **Defendant.** | : | |

**REPLY MEMORANDUM OF LAW OF DEFENDANT**
**SUMMIT SALES ASSOCIATES, INC.**
**IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT**
**TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

George E. Lieberman (3860)
Attorney for Defendant
Summit Sales Associates, Inc.
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

8

## I. INTRODUCTION

Defendant Summit Sales Associates, Inc. ("Summit") files this Reply Memorandum in response to plaintiff's objection to Summit's Rule 12(b)(6) Motion to Dismiss and for the reasons stated herein and in Summit's motion papers, Summit respectfully requests that the Motion be granted and that both the claim for attorney fees in Counts I and II and Count II of the complaint be dismissed for failure to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. Claim for Attorney Fees Should be Dismissed

In response to Summit's Motion requesting dismissal of the claim for attorney fees, plaintiff cites R.I.G.L. §9-1-45. In doing so, plaintiff overlooks that a Rule 12(b)(6) is determined upon the well pled facts in the complaint. See Summit's original supporting Memorandum at 2-3.

Plaintiff does not cite or reference R.I.G.L. §9-1-45 in his complaint. Plaintiff does not aver in his complaint that there is a complete absence of a justiciable issue raised by defendant. Plaintiff is barred from pressing a non-pled claim. See Keller v. Hewitt, 697 F.2d 8, 12-14 (1st Cir. 1983). The Court, with respect, is not to reach out and correct deficiencies in or fill in missing facts in a complaint. Indeed, the First Circuit has made clear that a court does not have discretion but to dismiss an insufficient claim. See Fleet Credit Corp. v. Scon, 893 F.2d 441, 444 (1st Cir. 1990). (courts have no duty to "conjure

up unpled allegations in order to bolster the plaintiff's chances of surviving" a dismissed motion).

Accordingly, based upon plaintiff's complaint, plaintiff has failed to state a claim for attorney fees upon which relief can be granted and those claims as asserted in Counts I and II of the Complaint should be dismissed.

**B. Count II (Unjust Enrichment) Should be Dismissed**

Once again, plaintiff overlooks the fundamental and controlling rule that the well pled facts in his complaint control. He has pled a written contract. It is based upon that factual Record the court decides the Rule 12(b)(6) motion. The Court is not to be burdened with matters outside the pleadings in a Rule 12(b)(6) context. "What ifs" are not relevant to and not controlling in a Rule 12(b)(6) setting.

Importantly, plaintiff does not challenge the rulings of Chief Judge Torres in Microfibres, Judge Lagueax in Banco Totta e Acores and the Rhode Island Supreme Court in Mehan. Those cases control. He recognizes, as he must, that his Count II fails to state a claim upon which relief can be granted. ("The Defendant correctly states that an unjust enrichment claim does not exist where there is a written contract between the parties." Plaintiff 's Memorandum at unpaginated page 2. [emphasis added]. Accordingly, Summit's Rule 12(b)(6) motion directed to Count II should be granted and Count II dismissed.

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, defendant Summit respectfully asks the Court to grant its Rule 12(b)(6) motion and enter an order dismissing the claims for attorneys fees in Counts I and II and dismissing Count II of the complaint for failure to state a claim upon which relief can be granted.

Defendant,
Summit Sales Associates, Inc.
By its attorney,

George E. Lieberman (3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

## CERTIFICATION

I hereby certify that on the 26th day of April 2005, I mailed a true copy of the within Memorandum to Timothy J. Robenhymer, Esq., 376 Broadway, Providence, Rhode Island 02909.