**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS E. NAGLE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No: 05-029ML** |
| | : | |
| **SUMMIT SALES ASSOCIATES, INC.,** | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : | |

**ANSWER OF DEFENDANT**
**SUMMIT SALES ASSOCIATES, INC. TO COMPLAINT**

1. Summit Sales Associates, Inc. ("Summit Sales") defendant, is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and thus they are deemed denied.

2. Admitted.

3. It is the plaintiff's burden to plead and prove properly the subject matter jurisdiction of the Honorable Court and Summit Sales submits that plaintiff has failed to plead properly the subject matter jurisdiction of the Court.

4. Denied as stated. It is admitted only that in May 2002 the parties entered into an agreement whereby plaintiff agreed to serve as an independent sales agent for Summit Sales and that Exhibit A lists certain of the terms of contract. (Summit Sales does not admit Exhibit A is the so-called "Contract.")

5. Denied as stated. It is admitted only that Summit Sales had relationships with certain customers whereby it sold the products of those customers in certain geographical areas.

6. Denied as stated. It is admitted only that Summit Sales had relationships with certain customers whereby it sold the products of those customers in Rhode Island, among other geographical areas, to rental stores, contractors, supply stores, and equipment dealers, among other entities.

7. Denied as stated. It is admitted only that Summit Sales did engage in the business of selling the products of certain of its customers in the State of Rhode Island.

8. Denied as stated. It is admitted only that Exhibit A was prepared in New York and sent to plaintiff in Rhode Island via facsimile. The response of Summit Sales to paragraph 4 above is herein incorporated by reference.

9. Denied as stated. By way of further response, Summit Sales is without knowledge or information sufficient to form a belief to admit whether plaintiff signed Exhibit A in Rhode Island. The response of Summit Sales to paragraph 4 above is herein incorporated.

10. Denied as stated. It is admitted only that in accordance with the agreement reached by and between plaintiff and Summit Sales, plaintiff was, in the exercise of good faith and loyalty to plaintiff, to try to, among other things, sell products of the customers of Summit Sales to entities located in the States of Connecticut and Rhode Island and a portion of the State of New York, with a certain geographical area excepted. It is denied that plaintiff undertook such efforts as he had promised. The response of Summit Sales to paragraph 4 above is herein incorporated by reference.

11. Denied as stated. Plaintiff agreed that in return for fulfilling his promises and discharging his obligation to Summit Sales (which he did not), he would be compensated on a commission basis. The response of Summit Sales to paragraph 10 above is herein incorporated by reference.

12. Denied as stated. Plaintiff agreed that in return for fulfilling his promises and discharging his obligation to Summit Sales, commissions would be split 70% to plaintiff and 30% to Summit Sales. The responses of Summit Sales to paragraphs 10 and 11 above are herein incorporated by reference.

13. Denied as stated. Exhibit A does not state by its terms that all accounts would be credited to plaintiff. However, Summit Sales admits that to the extent sales were made in the geographical areas agreed to by plaintiff and Summit Sales and to the extent plaintiff was properly performing his duties (which he was not), he would be compensated pursuant to the agreement reached between him and Summit Sales. The response of Summit Sales to paragraphs 4, 10 and 11 above are herein incorporated by reference.

14-15. Denied as stated. Summit Sales admits only that Exhibit A states that it "will pay for disability insurance," without stating any details as to such insurance. During the existence of the agreement between plaintiff and Summit Sales, plaintiff never made a claim for payment of disability insurance, as he was not disabled during that period. Summit Sales does not admit that the agreement between plaintiff and defendant was sufficiently certain as to be enforceable as to the provision of disability insurance by it to plaintiff. In any event, plaintiff sustained no damages. The response of Summit Sales to paragraph 4 above is herein incorporated by reference.

16. Denied as stated. Summit Sales admits only that it agreed to pay plaintiff twice a month based on the premise that plaintiff was performing his contractual duties and promises. The responses of Summit Sales to paragraphs 4, 10 and 11 above are herein incorporated by reference.

17. Denied as stated. It is admitted only that plaintiff was not performing properly his

promises. By letter of June 15, 2004, identified as Exhibit B to plaintiff's Complaint, plaintiff stated that he was "resigning from Summit Sales as sales representative . . . effective June 30, 2004 to pursue other interests." Plaintiff did not inform Summit Sales that as of June 2004 he had formed a company, of which he is an officer, to compete with it. The response of Summit Sales to paragraph 4 above is herein incorporated by reference.

18. Denied as stated. It is admitted only that by letter dated June 15, 2004, Exhibit C, Summit Sales advised plaintiff that plaintiff's resignation would be considered effective June 15, 2004. The response of Summit Sales to paragraph 4 above is herein incorporated by reference.

19. Denied as stated. It is admitted only that by a letter of June 29, 2004, Summit Sales notified customers that plaintiff was no longer working for it.

20. Denied as stated. Assuming plaintiff is referring to Exhibit C, Summit Sales responds that it is admitted only that based upon its belief that plaintiff had fully performed his promises, satisfied his contractual duties, exercised good faith and discharged his fiduciary duties, Summit Sales would pay him commissions pursuant to their agreement.

21-22. Denied as stated. Further, the averments of paragraphs 21 and 22 are conclusions and opinion to which no response is necessary and deemed denied. The response of Summit Sales to paragraph 20 is herein incorporated by reference.

23. Denied as stated. It is admitted only that while plaintiff may have taken the position as stated, Summit Sales does not admit that it owes any such commissions. The response of Summit Sales to paragraph 20 above is herein incorporated by reference.

24-26 Denied as stated. By way of further response to paragraphs 24-26, the averments of these paragraphs constitute legal opinion and conclusion to which no response is necessary and are deemed denied.

**COUNT I**

27. The responses of Summit Sales to the averments set forth in paragraphs 1 through 26 of the Complaint are herein incorporated by reference.

28. Denied as stated. It is admitted only that in May 2002 the parties entered into an agreement whereby plaintiff agreed to serve as an independent sales agent for Summit Sales and that Exhibit A lists certain of the terms of contract. (Summit Sales does not admit Exhibit A is the so-called "Contract.")

29. Denied as stated. It is admitted only that in accordance with the agreement reached by and between plaintiff and Summit Sales, plaintiff was, in the exercise of good faith and loyalty to plaintiff, to try to, among other things, sell products of the customers of Summit

Sales to entities located in the States of Connecticut and Rhode Island and a portion of the State of New York, with a certain geographical area excepted. It is denied that plaintiff undertook such efforts as he had promised. The response of Summit Sales to paragraph 4 above is herein incorporated by reference.

30. Denied as stated. Plaintiff agreed that in return for fulfilling his promises and discharging his obligation to Summit Sales (which he did not), he would be compensated on a commission basis. The response of Summit Sales to paragraph 10 above is herein incorporated by reference.

31. Denied as stated. Plaintiff agreed that in return for fulfilling his promises and discharging his obligation to Summit Sales, commissions would be split 70% to plaintiff and 30% to Summit Sales. The responses of Summit Sales to paragraphs 10 and 11 above are herein incorporated by reference.

32. Denied as stated. Exhibit A does not state by its terms that all accounts would be credited to plaintiff. However, Summit Sales admits that to the extent sales were made in the geographical areas agreed to by plaintiff and Summit Sales and to the extent plaintiff was properly performing his duties (which he was not), he would be compensated pursuant to the agreement reached between him and Summit Sales. The response of Summit Sales to paragraphs 4, 10 and 11 above are herein incorporated by reference.

33. Denied as stated. Summit Sales admits only that Exhibit A states that it "will pay for disability insurance," without stating any details as to such insurance. During the existence of the agreement between plaintiff and Summit Sales, plaintiff never made a claim for payment of disability insurance, as he was not disabled during that period. Summit Sales does not admit that the agreement between plaintiff and defendant was sufficiently certain as to be enforceable as to the provision of disability insurance by it to plaintiff. In any event, plaintiff sustained no damages. The response of Summit Sales to paragraph 4 above is herein incorporated by reference.

34. Denied as stated. Summit Sales admits only that Exhibit A states that it "will pay for disability insurance," without stating any details as to such insurance. During the existence of the agreement between plaintiff and Summit Sales, plaintiff never made a claim for payment of disability insurance, as he was not disabled during that period. Summit Sales does not admit that the agreement between plaintiff and defendant was sufficiently certain as to be enforceable as to the provision of disability insurance by it to plaintiff. In any event, plaintiff sustained no damages. The response of Summit Sales to paragraph 4 above is herein incorporated by reference.

35. Denied as stated. Summit Sales admits only that it agreed to pay plaintiff twice a month based on the premise that plaintiff was performing his contractual duties and promises. The responses of Summit Sales to paragraphs 4, 10 and 11 above are herein incorporated by reference.

36. Denied as stated. It is admitted only that plaintiff was not performing properly his promises. By letter of June 15, 2004, identified as Exhibit B to plaintiff's Complaint, plaintiff stated that he was "resigning from Summit Sales as sales representative . . . effective June 30, 2004 to pursue other interests." Plaintiff did not inform Summit Sales that as of June 2004 he had formed a company, of which he is an officer, to compete with it. The response of Summit Sales to paragraphs 4, 10 and 11 above are herein incorporated by reference.

37. Denied as stated. Further, the averments of this paragraph are a conclusion and opinion to which no response is necessary and deemed denied. The response of Summit Sales to paragraph 36 is herein incorporated by reference.

38. Denied as stated. Further, the averments of this paragraph are conclusions and opinion to which no response is necessary and deemed denied. The response of Summit Sales to paragraph 36 is herein incorporated by reference.

39. Denied as stated. It is admitted only that while plaintiff may have taken the position as stated, Summit Sales does not admit that it owes any such commissions. The response of Summit Sales to paragraph 20 above is herein incorporated by reference.

40. Denied as stated. By way of further response to this paragraph, the averments constitute legal opinion and conclusion to which no response is necessary and are deemed denied.

41. Denied. By way of further response to this paragraph, the averments constitute legal opinion and conclusion to which no response is necessary and are deemed denied.

42. Denied. By way of further response to paragraph 42, the averments of this paragraph constitute legal opinion and conclusion to which no response is necessary and deemed denied.

43. The averments of this paragraph constitute legal opinion and conclusions to which no response is necessary and are deemed denied.

## AFFIRMATIVE DEFENSES

1. The Court may lack subject matter jurisdiction.

2. The complaint may fail to state a claim upon which relief may be granted.

3. Plaintiff's claim may be barred by the doctrine of waiver.

4. Plaintiff's claim may be barred by the doctrine of estoppel.

5. Plaintiff's demand for attorneys fees is barred by the American Rule.

6. Plaintiff may have breached his agreement with Summit Sales, and perhaps materially so, and such breach may bar any claim he may have against Summit Sales or cause any recovery to which he may be entitled, which Summit Sales denies, to be reduced.

7. Plaintiff may have failed to perform conditions precedent.

8. Plaintiff's claim may be barred by the lack or failure of consideration.

9. Plaintiff may have violated his covenant of good faith owed Summit Sales.

10. Plaintiff may have breached his duty of loyalty owed Summit Sales.

11. Plaintiff may have breached his fiduciary duty to Summit Sales.

12. Plaintiff's claim may be barred by the doctrine of election of remedies.

Wherefore, for the above reasons, defendant Summit Sales demands that judgment be entered in its favor and against plaintiff on the complaint, that it be awarded costs and expenses, and, if appropriate, attorneys fees.

## COUNT II

44. Summit Sales incorporates herein by reference its responses to paragraphs 1 through 43 of the Complaint.

45. It is admitted only that plaintiff consummated certain sales transactions as the agent of Summit Sales during the time period June 2003 - June 2004.

46. Summit Sales is without information or knowledge sufficient to form a belief as to the truth of the averment in this paragraph and it is thus deemed denied.

47. It is admitted only that while plaintiff may have taken the position as averred, Summit Sales does not admit that it owes any such commissions.

48. Denied as stated. It is admitted only that Summit Sales has reason to believe that plaintiff did not properly perform his contractual duties and discharge his obligations to it and that he is not entitled to the commission he claims is owed him.

49. Denied as stated. To the extent plaintiff is attempting in this paragraph to plead a legal element of his claim, Summit sales responds that no response is required and it is deemed denied. If the plaintiff is attempting to plead a fact, Summit Sales is without or information sufficient to form a belief as to the truth of the averment of this paragraph and thus it is deemed denied.

50. The averment of this paragraph is a legal conclusion to which no response is necessary and is deemed denied.

51. The averment of this paragraph is a legal conclusion to which no response is necessary and is deemed denied.

## AFFIRMATIVE DEFENSES

13. Affirmative Defenses 1 through 12 above set forth are herein incorporated by reference.

14. This Count, attempting to assert the equitable claim of unjust enrichment, fails to state a cognizable claim because plaintiff has plead a contract between the parties in Count One.

15. Plaintiff's claim may be barred by the doctrine of unclean hands.

16. To the extent the Court had discretion to deny the equitable relief sought, it should exercise that discretion in view of plaintiff's inequitable conduct.

Wherefore, for the above reasons, defendant Summit Sales demands that judgment be entered in its favor and against plaintiffs on the complaint, that it be awarded costs and expenses, and, if appropriate, attorneys fees.

Defendant,
Summit Sales Associates, Inc.
By its attorney,

George E. Lieberman (3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

**CERTIFICATION**

I hereby certify that on the 30th day of June 2005, I mailed a true copy of the within Answer to Timothy J. Robenhymer, Esq., 376 Broadway, Providence, Rhode Island 02909.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;414182;1