UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **THOMAS E. NANGLE,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**SUMMIT SALES ASSOCIATES, INC.,**<br>**Defendant.** | : | **C.A. No: 05-029ML**<br><br>**JURY TRIAL DEMANDED ON ALL COUNTS** |
| ************************************ | : | |
| **SUMMIT SALES ASSOCIATES, INC.,**<br>**Counterclaim Plaintiff,**<br><br>**vs.**<br><br>**THOMAS E. NANGLE,**<br>**Counterclaim Defendant.** | : | |

## COUNTERCLAIM OF SUMMIT SALES ASSOCIATES, INC. AGAINST COUNTERCLAIM DEFENDANT THOMAS E. NANGLE[1]

## I. THE PARTIES

1. Summit Sales Associates, Inc. ("Summit Sales") counterclaim plaintiff is a New York corporation.

2. Counterclaim defendant Thomas E. Nangle is a resident of the State of Rhode Island.

## II. BACKGROUND FACTS

3. Summit Sales is a small corporation (having less than ten (10) employees) which represents manufacturers of large equipment in selling the manufacturers' equipment directly to rental stores, contractors suppliers and equipment dealers, which businesses are clients of Summit Sales.

4. In performing this function for its equipment manufacturers (customers), Summit Sales employs independent agents who are assigned certain geographical areas in which the

[1] This Counterclaim is filed pursuant to the Stipulation of the parties.

manufacturers have entrusted Summit Sales to represent them as their sales representative.

5. In May 2002, counterclaim defendant Thomas E. Nangle agreed to serve as an independent sales representative or agent of Summit Sales.

6. Counterclaim defendant agreed to service the geographical areas of Connecticut, Rhode Island and lower New York.

7. Summit Sales paid counterclaim defendant $600 per month for twelve (12) months toward his automobile and reimbursed him for transportation, hotel, dinner and entertainment expenses in connection with attending trade shows and business related activities.

8. Summit Sales also agreed to pay counterclaim defendant commissions earned on sales made in the geographical areas of counterclaim defendant, on the condition that counterclaim defendant properly perform his duties and satisfy his obligations owed Summit Sales.

9. In return, counterclaim defendant, among other things, was to devote his time and energy to the business of Summit Sales, not compete with it while serving as an agent, and work to promote the interests of Summit Sales.

10. Counterclaim defendant, as part of his duties, was to communicate and visit regularly and frequently clients and potential clients (i.e., purchasers of the manufacturing equipment) in his geographical areas.

11. Such communications and visits are a very important part of an independent sales agent's duties because they serve to foster, cement and expand relationships between Summit Sales and its clients and to develop new client relationships and expand those new relationships. These activities are a critical responsibility of a sales representative such as counterclaim defendant.

12. In connection with his activities on behalf of Summit Sales, counterclaim defendant was to use and update customer cards provided to him by Summit Sales. The cards contain important information for such agents and Summit Sales so as to enable them to know and appreciate the needs and plans of the clients of Summit Sales in order to better serve those clients, and thus maintain and expand their relationships with Summit Sales.

13. Additionally, if the relationship of an agent of summit Sales ends, such as counterclaim defendant did, these cards provide vital information for the successor agent which helps ensure a continuing and productive relationship with the clients of Summit Sales. The

properly completed customer cards help ensure minimal disruption during and after the successor's assumption of the responsibilities of the former agent.

14. By letter of June 15, 2004, plaintiff stated that he was "resigning from Summit Sales as sales representative . . . effective June 30, 2004 to pursue other interests."

15. By letter dated June 14, 2004, Summit Sales advised plaintiff that his resignation would be considered effective June 15, 2004. Plaintiff did not object to his resignation being considered effective June 15, 2004.

## III. OPERATIVE FACTS

16. In February 2004, for the first time, Summit Sales learned that counterclaim defendant did not service the New York area, i.e., did not visit Summit Sales clients in that area.

17. Further, while supposedly working as an agent for Summit Sales, counterclaim defendant planned and had formed a corporation which engages in the same business as Summit Sales, all before he even gave notice of his quitting.

18. Upon information and belief, counterclaim defendant, while still supposedly serving as an agent for Summit Sales, was engaged in efforts to obtain business opportunities for his non-disclosed, formed corporation.

19. Moreover, upon ending his relationship with Summit Sales, counterclaim defendant returned customer cards which lacked the important information necessary to make those cards useful to Summit Sales.

## COUNT I
## (BREACH OF CONTRACT)

20. The averments set forth in paragraphs 1 through 19 above of the Counterclaim are herein incorporated by reference.

21. Counterclaim defendant entered into contract with Summit Sales to work as an independent sales representative

22. Counterclaim defendant has substantially breached his contract with Summit Sales including, but not limited to his duty of loyalty, which breach has directly and proximately harmed and damaged Summit Sales.

WHEREFORE, Summit Sales demands judgment in its favor and against counterclaim defendant on its Counterclaim and that it be awarded a sum to compensate it for the damage it has suffered, plus costs and expenses and attorney fees, and interest thereon.

**COUNT II**
**(BREACH OF COVENANT OF GOOD FAITH DEALING)**

23. The averments set forth in paragraphs 1 through 22 above of the Counterclaim are herein incorporated by reference.

24. Counterclaim defendant has breached his covenant of good faith and fair dealing arising from his contractual relationship with Summit Sales, which breach has directly and proximately caused harm and damage to Summit Sales.

WHEREFORE, Summit Sales demands judgment in its favor and against counterclaim defendant on the Counterclaim and that it be awarded a sum to compensate it for the damage it has suffered, plus costs and expenses and attorney fees, and interest thereon.

**COUNT III**
**(BREACH OF AGENCY RELATIONSHIP)**

25. The averments set forth in paragraphs 1 through 24 above of the Counterclaim are herein incorporated by reference.

26. Counterclaim defendant, as an agent of Summit Sales, owed it a fiduciary duty.

27. Counterclaim defendant, as an agent of Summit Sales, owed it a duty of loyalty.

28. Counterclaim defendant has breached his agency duties including, but not limited to his duty of loyalty and also his fiduciary duty, which breaches have directly and proximately harmed and damaged Summit Sales.

WHEREFORE, Summit Sales demands judgment in its favor and against counterclaim defendant on the Counterclaim and that it be awarded a sum to compensate it for the damage it has suffered, plus costs and expenses and attorney fees, and interest thereon.

**COUNT IV**
**(UNJUST ENRICHMENT)**

29. The averments set forth above in paragraphs 1 through 28 of the Counterclaim are herein incorporated by reference.

30. Counterclaim defendant was unjustly enriched because he was paid commissions for the New York area which he did not service.

31. Summit Sales reasonably believed that counterclaim defendant was serving the New York area and by his silence and failure to disclose the truth, i.e., that he was not working the New York area, counterclaim defendant mislead Summit Sales, which improper conduct resulted in his being improperly and unjustly compensated and also directly caused Summit Sales to be damaged.

32. Therefore, counterclaim defendant is obligated to pay back to Summit Sales no less than the $18,824.40 commission paid him for the New York area.

WHEREFORE, Summit Sales demands judgment in its favor and against counterclaim defendant on the Counterclaim in the amount no less than $18,824.40, plus court costs and expenses and attorneys fees, and interest thereon.

Counterclaim Plaintiff,
Summit Sales Associates, Inc.,
By its attorney,

George E. Lieberman (3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

**CERTIFICATION**

I hereby certify that on the 5th day of August 2005, I mailed a true copy of the within Counterclaim to Timothy J. Robenhymer, Esq., 376 Broadway, Providence, Rhode Island 02909.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;416858;1