**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS E. NANGLE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No: 05-029ML** |
| | : | |
| **SUMMIT SALES ASSOCIATES, INC.,** | : | |
| **Defendant.** | : | |
| | : | |
| ************************************* | : | |
| **SUMMIT SALES ASSOCIATES, INC.,** | : | |
| **Counterclaim-Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **THOMAS E. NANGLE,** | : | |
| **Counterclaim-Defendant.** | : | |

**MOTION OF DEFENDANT/COUNTERCLAIM-PLAINTIFF SUMMIT SALES ASSOCIATES, INC. TO COMPEL ANSWERS TO INTERROGATORIES**

Summit Sales Associates, Inc., for the reasons set forth in its accompanying Memorandum of Law, respectfully requests that the Honorable Court grant its Motion and order plaintiff/counterclaim-defendant to answer interrogatories nos. 10 and 13 through 17.

Defendant/Counterclaim-Plaintiff,
Summit Sales Associates, Inc.,
By its attorney,

George E. Lieberman (#3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

Dated: November 9th, 2005

## CERTIFICATION OF ATTORNEY

I, George E. Lieberman, # 3860, hereby certify that pursuant to Rule 37(2) of the Rules of Civil Procedure, I made a good faith effort with opposing counsel to resolve the discovery dispute raised by the attached motion.

George E. Lieberman

Dated: November 9th, 2005

## CERTIFICATE OF SERVICE

Timothy J. Robenhymer, Esq.
376 Broadway
Providence, RI 02909

I hereby certify I caused to be served on the above named counsel of record a copy of the within Motion to Compel Answers to Interrogatories, together with its Memorandum of Law in support thereof on the 9th day of November 2005.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS E. NANGLE,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**SUMMIT SALES ASSOCIATES, INC.,**<br>**Defendant.**<br><br>******************************************<br>**SUMMIT SALES ASSOCIATES, INC.,**<br>**Counterclaim-Plaintiff,**<br><br>**vs.**<br><br>**THOMAS E. NANGLE,**<br>**Counterclaim-Defendant.** | : | **C.A. No: 05-029ML** |

**MEMORANDUM OF LAW OF DEFENDANT/COUNTERCLAIM-PLAINTIFF SUMMIT SALES ASSOCIATES, INC. IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

## I. INTRODUCTION

### (a) Nature of Case

Plaintiff instituted this lawsuit claiming that he is owed commissions on sales made in his geographical territory, lower New York, Connecticut and Rhode Island. Summit Sales Associates, Inc. ("Summit Sales"), defendant/counterclaim-plaintiff, counterclaims against plaintiff/counterclaim-defendant ("plaintiff") for breach of contract, breach of duty of loyalty, breach of covenant of good faith and fair dealing, breach of agency relationship and unjust enrichment.

### (b) Travel

The pleadings are closed. Discovery is ongoing.

## II. DISCUSSION

### (a) Factual Background

Summit Sales is a sales representative for equipment manufacturers. Summit Sales earns a commission on sales made for the manufacturers. Summit Sales engages agents, such as plaintiff, to act on its behalf and, as to sales made in an agent's geographical territory, shares commissions paid by the manufacturer, 70% to the agent, 30% for itself. This percentage sharing is more generous and favorable to agents than the split used by most other sales representatives.

The nature of the business of Summit Sales, as a sales representative of equipment manufacturers, is in a very real sense a relationship one. It is very critical to the success of the business of Summit Sales that its agents frequently and regularly visit and communicate with customers and potential customers in their geographical areas so that they can maintain, develop and expand these relationships and develop new relationships. Without such important activities, customers may very well not continue to do business, not increase their business and/or not expand their business with a sales representative such as Summit Sales and, also, the potential to develop new customers is lost. Moreover, manufacturers also may not continue their relationships with Summit Sales because their (the manufacturers') interests are not being promoted, advanced and protected, i.e., they lose business or do not achieve the level of business that they might have achieved and do not get new business if the agent, such as plaintiff, does not visit and communicate with customers on a regular basis and attempt to obtain new customers.

When plaintiff started to work on behalf of Summit Sales and while he was serving as an agent for Summit Sales, he was told orally and in writing of the need to visit customers regularly and frequently. For example, in addition to many oral communications from Summit Sales to

plaintiff, documents given by Summit Sales to plaintiff stressed that, among other things, plaintiff should "call [ ] on customers from 8:00 a.m. - 5:00 p.m. everyday. (This is the minimum.) MAKE 8-12 CALLS A DAY. 40-50 CALLS A WEEK. NOT TO THE SAME PET ACCOUNTS. MAKE 5 NEW CALLS A WEEK."

As part of his duties and obligations arising from his agency relationship, plaintiff was to promote the interests of Summit Sales, including fostering, maintaining and attempting to expand relationships with customers-purchasers and to develop relationships with new customers, and once having established those new relationships, maintaining, fostering and expanding them. Plaintiff was, as he knew and understood, the "face" of Summit Sales as to its customers and potential customers/purchasers.

Plaintiff promised to service Connecticut, Rhode Island and the lower New York State area, i.e., regularly visit and communicate with customers and potential customers in those areas. Summit Sales relied upon plaintiff and expected and believed that plaintiff was visiting and communicating regularly with customers in those areas.

In the latter part of 2003, plaintiff admitted to another agent that he was not working the lower New York area, but it was not until early 2004 that plaintiff finally admitted directly to Summit Sales that he was not serving the lower New York State area, as he had promised to do. In fact, plaintiff admitted that, although he was not working the lower New York area, he was nevertheless collecting <u>all</u> the commissions from sales made in that area.

Summit Sales had heard from both purchasers of equipment and equipment manufacturers as to their dissatisfaction with the lack of attention and effort plaintiff had given and was giving to the lower New York State area. Further, the sales figures relating to that area

revealed problems. In late 2003, plaintiff agreed to relinquish a portion of his geographical area. In early 2004, although Summit Sales was inclined to withdraw all of lower New York State from plaintiff, but, at plaintiff's request, he was allowed to keep a portion of lower New York State.

Further, and importantly, Summit Sales has good reason to believe that plaintiff, rather than visiting regularly customers in the lower New York State area, was using his time and energy, at the very least in part, to develop relationships with customers in conjunction with his secretly formed competing Rhode Island business. Plaintiff formed his competing Rhode Island business before his stated resignation date - and he did so without informing Summit Sales. Moreover, plaintiff admitted having obtained contracts for his competing company before his proposed resignation date. Summit Sales has reason to believe that plaintiff, rather than serving Summit Sales customers in the entire lower New York State area, was devoting a good portion of his time to soliciting customers for his competing business.

Needless to say, if plaintiff, while serving as agent for Summit Sales, was acting for his own benefit and not that of Summit Sales, then he is guilty of breaching his contractual and agency duties and his duties of loyalty and of good faith and fair dealing.

**(b) Interrogatories At Issue**

Interrogatory No. 10

Identify all new customers in the New York area you obtained while working for defendant (a) before June 2003 and (b) between June 2003 and June 2004.

Answer No. 10

I did not have a contractual obligation to identify or secure new customers in my sales

territory. I was informed by the Defendant on numerous occasions that this information could be easily obtained by the company at the push of a button from Greg Martin's own database.

Interrogatory No. 13

State the gross and net income of Sales 2 Rental, LLC in 2004 and for the time period January 2005 to the date you answer these interrogatories.

Answer No. 13

Sales 2 Rental, LLC did not have any earnings for the period January 2004 through July 2004. Objection to providing the information requested for the year 2005 as said information is confidential business information. Further, the information for 2005 is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 14

State the gross and net income of Sales 2 Rental, LLC from sales to customers in (a) Rhode Island, (b) Connecticut, (c) the New York area for 2004 and for the time period January 2005 to the date you answer these interrogatories.

Answer No. 14

Sales 2 Rental, LLC did not have any earnings for the period January 2004 through July 2004. Objection to providing the information requested for the year 2005 as said information is confidential business information. Further, the information for 2005 is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 15

State the gross and net income of Sales 2 Rental, LLC from sales to customers for 2004 and for the time period January 2005 to the date you respond to this interrogatory in (a) Rhode

Island, (b) Connecticut, and (c) the New York area who were customers of defendant while you were working for defendant.

Answer No. 15

Objection; improper. This interrogatory calls for information regarding the Plaintiff's confidential business contacts. The Plaintiff objects to providing this information due to the fact that the Plaintiff did not have a non-compete clause in his contract with the Defendant.

Interrogatory No. 16

For new customers obtained by you in the New York area for defendant, state the sales in dollar amounts you closed with these new customers on behalf of defendant in (a) 2002, (b) 2003, and (c) 2004.

Answer No. 16

I did not have any quotas to meet under the terms of my contract with the Defendant. The documents I have produced in response to the Defendant's requests for production of documents for the years 2002, 2003 and 2004 contain all the documents in my possession which would be responsive to this interrogatory. The Defendant has this information in its possession.

Interrogatory No. 17

Identify all present and former customers of Sales 2 Rental, LLC, whom you serviced as a sales representative of defendant while you worked for defendant.

Answer No. 17

Objection; improper. This interrogatory calls for information regarding the Plaintiff's confidential business contacts. The Plaintiff objects to providing this information due to the fact that the Plaintiff did not have a non-compete clause in his contract with the Defendant.

**(c) Relevance of Interrogatories**

Summit Sales has asserted that plaintiff was not performing his duties - visiting customers in lower New York while being paid by Summit Sales. Indeed, plaintiff admitted so. Plaintiff also formed a competing business (Sales 2 Rental LLC) before relinquishing his agency relationship with Summit Sales. Plaintiff also admitted that before his resignation day he had contracts for his own company, Sales 2 Rental LLC.

Concerning Interrogatory 10, if the evidence establishes, as Summit Sales believes it will, that plaintiff failed to obtain any or obtained but a very few new customers, such evidence will support that plaintiff breached his duties to Summit Sales. Interrogatory 10 seeks information directly related to the claim of Summit Sales regarding plaintiff's failure to service the lower New York area. Plaintiff refuses to answer this interrogatory. Plaintiff's objection misses the mark since plaintiff did have an obligation to work and attempt to expand the customer base in the geographic area. If the information obtained by this interrogatory shows he failed to obtain new customers, this will support the position of Summit Sales that he did not properly serve this assigned geographical area.

Summit Sales has good reason to believe that plaintiff was devoting time and energy in activities to benefit his secretly formed competing company. The information sought - income of plaintiff's competing company (Interrogatory 13), sales of plaintiff's company to customers in the relevant geographical areas (Interrogatory 14), income of plaintiff's company derived from customers of Summit Sales in the same territory plaintiff was assigned while serving as an agent for Summit Sales (Interrogatory 15), the number of, if any, new customers plaintiff obtained while supposedly serving as an agent for Summit Sales (Interrogatory 16) and the customers of

plaintiff's competing business (Interrogatory 17) all directly concern Summit Sales' averments, i.e., plaintiff did not devote his time to Summit Sales, but, rather, solicited customers for his secretly formed competing business. The information sought is directly relevant to the claims of Summit Sales and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has not fully answered Interrogatories 13 and 14, and refuses to do so, and refuses to answer Interrogatories 15-17. Defendant's objections are without merit, e.g., the lack of a non-compete clause does not excuse Plaintiff from breaching the contract by not performing and also soliciting business for his own company while supposedly serving Summit Sales. As to the so-called "confidential information," Summit Sales agrees to maintain such information on a confidential basis.

## III. CONCLUSION

Wherefore, for the above reasons, Summit Sales respectfully requests the Court grant its Motion.

Defendant/Counterclaim-Plaintiff,
Summit Sales Associates, Inc.,
By its attorney,

George E. Lieberman (#3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

Dated: November 9th, 2005