UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS E. NAGLE
Plaintiff,

V. CA NO. 05-029ML

SUMMIT SALES ASSOCIATES, INC.
Defendant.

**PLAINTIFF'S, COUNTERCLAIM DEFENDANT'S, THOMAS E. NANGLE, OBJECTION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Now come the Plaintiff/Counterclaim Defendant, Thomas E. Nangle, and hereby objects to the Motion to Compel Answers to Interrogatories filed by the Defendant in this matter. The Plaintiff relies upon and incorporates herein the Memorandum of Law attached hereto.

Timothy J. Robenhymer, #4419
303 Jefferson Boulevard, 2nd Floor
Warwick, RI 02888
(401) 921-4800
(401) 921-4805 - facsimile

**CERTIFICATION**

I hereby certify that on the 22nd day of November, 2005, a true copy of the within document was mailed, postage prepaid, to: George Lieberman, Esq., Tillinghast Licht LLP, Ten Weybosset Street, Providence, RI 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS E. NANGLE
Plaintiff,

V. CA NO. 05-029ML

SUMMIT SALES ASSOCIATES, INC.
Defendant.

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S, THOMAS E. NANGLE, MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO THE MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

This matter is a fairly routine breach of contract case. The Plaintiff has alleged that the parties entered into a contract on May 15, 2002. A copy of the contract is attached hereto as Exhibit A. The Plaintiff was contracted with by the Defendant to serve as an independent sales representative for Defendant in Connecticut, Rhode Island and lower New York. The terms of the contract are clear and unambiguous. Furthermore, the contract was drafted by the Defendant.

The Defendant has filed a counterclaim alleging breach of contract, breach of duty of loyalty, breach of covenant of good faith and fair dealing, breach of agency relationship and unjust enrichment.

In its' memorandum, the Defendant has made certain factual allegations regarding statements made to the Plaintiff both verbally and in writing. The Plaintiff asserts that these factual assertions made by the Defendant are completely false. More importantly, the Plaintiff submits that the factual assertions are not relevant to a resolution of this matter.

The Defendant has attempted to move this Court beyond the four corners of the contract. The discovery requests seek information which will be not admissible at

the time of trial pursuant to the parol evidence rule. This type of extrinsic evidence is not permitted to determine the terms of the contract.

**INTERROGATORIES AT ISSUE**

**a. Interrogatory Number 10**

In this interrogatory, the Defendant requests that the Plaintiff identify all new customers he obtained while working for the Defendant in the lower New York territory. The Plaintiff responded that he had no contractual obligation to secure new customers under the terms of the contract between the parties. The contract is clear on its face. The contract was drafted by the Defendant. There is no requirement in the contract that the Plaintiff obtain new customers for the Defendant. Consequently, the information sought is not relevant to determine the terms of the contract.

**b. Interrogatories 13, 14, 15 and 17**

Each of these interrogatories seeks information regarding the Plaintiff's current business known as Sales 2 Rental LLC. In response to each of these interrogatories, the Plaintiff has stated that Sales 2 Rental LLC had no sales for the period January 2004 through July 2004.

At no point while the Plaintiff was under contract with the Defendant did he cease servicing the lower New York Territory. Furthermore, at no point while under contract with the Defendant did he state that he stopped servicing the lower New York Territory nor did he state he had contracts for Sales 2 Rental LLC.

The Plaintiff has asserted that the information sought in these interrogatories is confidential business information. The contract between the parties did not

contain a non-compete clause. Consequently, there were no legal or contractual restriction placed on the Plaintiff from contracting with the Defendant's customers after the contract was terminated. The contract was terminated by the parties in June 2004.

Furthermore, the gross and net sales of Sales 2 Rental LLC after June 2004 is not relevant to the Plaintiff's complaint or the Defendant's counterclaims. The Plaintiff has stated in response to Interrogatories 14 and 15 that there were no earnings for Sales 2 Rental LLC during the period January 2004 through July 2004. Any sales made after July 2004 would not be relevant to the commissions earned by the Plaintiff for the period June 2003 through June 2004. Nor would this information be relevant to determine whether the Plaintiff ceased servicing the lower New York Territory before January 2004 as alleged by the Defendant in its counterclaim.

**c. Interrogatory Number 16**

This interrogatory also seeks information about "new customers" obtained by the Plaintiff for the Defendant. First, the Plaintiff had no contractual obligation to obtain new customers for the Defendant. Second, any sales closed by the Plaintiff, which were new customers of the Defendant, would already be in the Defendant's possession. The documentation necessary to determine which customers were new and which were existing in the lower New York area are in the possession of the Defendant. The Plaintiff has requested this information from the Defendant in discovery. The Plaintiff does not have the necessary documentation in his care, custody or control to respond to this interrogatory.

**CONCLUSION**

Whether, the Plaintiff requests that the Defendant's motion be denied for the reasons stated above.

THOMAS E. NANGLE,
By his Attorney,

Timothy J. Robenhymer, #4419
303 Jefferson Blvd, 2nd Floor
Warwick, RI 02888
(401) 921-4800
(401) 921-4805 Facsimile

**CERTIFICATION**

I hereby certify that on the 22nd day of November, 2005, a true copy of the within document was mailed, postage prepaid, to: George Lieberman, Esq., Tillinghast Licht LLP, Ten Weybosset Street, Providence, RI 02903.