TILLINGHAST LICHT LLP
ATTORNEYS AT LAW SINCE 1818

George E. Lieberman
Direct Dial: 401/456-1327
E-Mail: glieberman@tllaw.com

February 9, 2006

**VIA EMAIL & U.S. MAIL**
Timothy J. Robenhymer, Esq.
376 Broadway
Providence, RI 02909

RE: Nangle v. Summit Sales Associates Inc.

Dear Tim:

In an effort to avoid motion practice, I advise below as to the documents listed on Schedule A of Mr. Martin's deposition notice using your numerical designations:

1. You have responsive documents.

2. Many months ago Summit Sales offered to make these documents available subject to an appropriate confidentiality agreement. You have not responded.

3. I presume you want these contracts to determine the commission rates/schedules. Summit Sales has provided the contracts.

4. This request is much to broad. Please identify particular subject matter and its relevancy. At this time, Summit Sales must object.

5. To the extent any such documents exist, they have been produced.

6. See # 3 above.

7. Long Island was not Mr. Nangle's territory. These documents are not relevant and also contain confidential information. Summit Sales must object.

8-9. There are no such documents.

10. There are no such documents. (If tax returns are being requested, Summit Sales must object.) Summit Sales has provided detailed, voluminous documents as to commissions for Mr. Nangel's territory and customers/equipment manufacturers.

11. See # 10.

TILLINGHAST LICHT LLP

ATTORNEYS AT LAW SINCE 1818

Timothy J. Robenhymer, Esq.
February 9, 2006
Page 2.

Please note Summit Sales objections extend to inquiry as to the objected-to matters at the depositions of the Martins. Please advise ASAP if you do not agree with the objections.

Very truly yours,

George E. Lieberman

GEL/ber
@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;426214;1