**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS E. NANGLE,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**SUMMIT SALES ASSOCIATES, INC.,**<br>**Defendant.**<br><br>********************************************<br>**SUMMIT SALES ASSOCIATES, INC.,**<br>**Counterclaim Plaintiff,**<br><br>**vs.**<br><br>**THOMAS E. NANGLE,**<br>**Counterclaim Defendant.** | : | **C.A. No: 05-029ML** |

**MOTION OF DEFENDANT/COUNTERCLAIM-PLAINTIFF SUMMIT SALES ASSOCIATES, INC. FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

For the reasons set forth in the accompanying Memorandum of Law, defendant/counterclaim-plaintiff hereby respectfully moves the Honorable Court for an order granting its Motion for Partial Summary Judgment and ordering that judgment be entered in favor of defendant/counterclaim-plaintiff Summit Sales and against plaintiff/counterclaim-defendant on (1) Count II (Unjust Enrichment) of the Complaint, (2) the claim of plaintiff for attorneys fees asserted in the Complaint, (3) Affirmative Defense Nos. 2 (Waiver) and 3 (Estoppel) asserted by plaintiff/counterclaim-defendant in his Answer to the Counterclaim and (4) the claim of plaintiff for damages for breach of contract based upon the purported failure of Summit Sales to obtain disability insurance.

Defendant/Counterclaim-plaintiff,
Summit Sales Associates, Inc.
By its attorney,

George E. Lieberman (3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

**CERTIFICATION**

I hereby certify that on the 13th day of March 2006, I mailed a true copy of the within Motion to Timothy J. Robenhymer, Esq., 376 Broadway, Providence, Rhode Island 02909.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;426745;1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS E. NANGLE,**<br>**Plaintiff,** | : | |
| **vs.** | : | **C.A. No: 05-029ML** |
| **SUMMIT SALES ASSOCIATES, INC.,**<br>**Defendant.** | : | |
| ************************************** | : | |
| **SUMMIT SALES ASSOCIATES, INC.,**<br>**Counterclaim Plaintiff,** | : | |
| **vs.** | : | |
| **THOMAS E. NANGLE,**<br>**Counterclaim Defendant.** | : | |

**MEMORANDUM OF LAW OF DEFENDANT/COUNTERCLAIM PLAINTIFF SUMMIT SALES ASSOCIATES, INC. IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

George E. Lieberman (3860)
Attorney for Defendant/Counterclaim-Plaintiff
Summit Sales Associates, Inc.
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. TRAVEL AND NATURE OF CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. RECORD UPON WHICH AND RULES OF CONSTRUCTION EMPLOYED IN DETERMINING A RULE 56 MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V. DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

VI. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Wherefore, respectfully, the Motion of Defendant/Counterclaim-plaintiff Summit Sales Associates, Inc., for Partial Summary Judgment should be granted and judgment should be ordered entered in favor of defendant/counterclaim-plaintiff Summit Sales and against plaintiff/counterclaim-defendant on (1) Count II of the Complaint, (2) the claim of plaintiff for attorneys fees asserted in the Complaint, (3) Affirmative Defense Nos. 2 (Waiver) and 3 (Estoppel) asserted by plaintiff/counterclaim-defendant in his Answer to the Counterclaim and (4) the claim of plaintiff for damages for breach of contract based upon the purported failure of Summit Sales to obtain disability insurance.

# I. INTRODUCTION

## A. Nature of Motion

Defendant Summit Sales Associates, Inc. ("Summit Sales") respectfully submits this Memorandum of Law in Support of its Motion For Partial Summary Judgment pursuant to Fed. R. Civ. R. 56 ("Rule") and, respectfully, asks the Honorable Court to enter an order in favor of it and against plaintiff on (1) Count II of the Complaint of plaintiff, (2) the claim for attorney fees in Counts I and II of the Complaint, and (3) on the Affirmative Defenses No. 2 (waiver) and No. 3 (Estoppel) asserted by plaintiff/counterclaim-defendant in his Answer to the Counterclaim of Summit Sales.

# II. TRAVEL AND NATURE OF CASE

Plaintiff filed his complaint on or about January 19, 2005. Summit Sales filed an answer and counterclaim to which plaintiff/counterclaim-defendant filed an answer.

Plaintiff avers that he entered into a written contract with Summit Sales providing that plaintiff would act as independent sales contractor/agent for Summit Sales in connection with the sale of certain products of equipment manufacturers which were clients of Summit. Plaintiff avers in his Complaint that Summit Sales failed to pay him certain sales commissions in breach of his express contract with it.

This diversity civil action is controlled by Rhode Island law.

# III. RECORD UPON WHICH AND RULES OF CONSTRUCTION EMPLOYED IN DETERMINING A RULE 56 MOTION

The components of the record upon which a summary judgment motion is decided are set forth in subpart (c) of Fed. R. Civ. P. 56 ("Rule"). The record consists of the pleadings, depositions, answers to interrogatories, documents produced, admissions on file and affidavits.

In deciding a summary judgment motion, trial courts, of course, review the record evidence in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Summary judgment is, however, mandated when there is no genuine issue as to any material fact and the moving party (here, Summit Sales) is entitled to judgment as a matter of law. Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).[1]

Initially, the moving party, here Summit Sales, is to show "an absence of evidence to support the non-moving party's case," Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990), and then the onus falls upon the non-moving party, here plaintiff, to oppose the motion by presenting specific facts that show that there is a genuine, material, factual issue for trial. Plaintiff may not rest upon mere allegation or denials of his pleading.[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505 (1986). Moreover, plaintiff's evidence "cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial," Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. 1991), cert. denied, 504 U.S. 985 (1992),[3] and it "[cannot] rest[] merely upon conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Thus, "the material

---

[1] See also Mack v. Great Atl. and Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989); Taylor v. Hercules, Inc., 780 F.2d 171, 174 (1st Cir. 1986); Quarles v. GMC (Motor Holdings Division), 758 F.2d 839, 840 (2d Cir. 1985).

[2] See also First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288, 88 S. Ct. 1575 (1968); Goldman v. First Nat. Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Lawrence v. Northrop Corp., 980 F.2d 66, 68 (1st Cir. 1992); Garside, 895 F.2d at 48.

[3] See also Goldman v. First Nat. Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Lawrence v. Northrop Corp., 980 F.2d 66, 68 (1st Cir. 1992); Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

creating the factual dispute must herald the existence of 'definite, competent evidence' fortifying the plaintiff's version of the truth. Optimistic conjecture... or hopeful surmise will not suffice." Vega v. Kodak Carribean, Ltd., 3 F.3d 476, 479 (1st Cir. 1993) (internal citations omitted) (quoting Mesnick, 950 F.2d at 822). The opposing party's position may not rest upon "improbable inferences[] and unsupported speculation." LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993).[4] A disputed fact which a party claims bars the entry of a summary judgment order must involve a "material issue is one which affects the outcome of the litigation.") Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). [emphasis added, internal citation omitted]. See also Pignons S.A. de Mecanique v. Polaroid Corp., 657 F.2d 482, 486 (1st Cir. 1981); Taylor, 780 F.2d at 174; Quarles, 758 F.2d at 840 ("[T]he mere existence of factual issues--where those issues are not material to the claims before the court--will not suffice to defeat a motion for summary judgment.")[emphasis added]. Plaintiff in this case must establish a genuine trial-worthy material issue by presenting "enough competent evidence to enable a finding favorable to it." Goldman, 985 F.2d at 1116.

Cases involving contracts, as here, are most suitable for resolution by and are regularly resolved by summary judgment. See Bank One Texas, N.A. v. A.J. Warehouse, Inc., 968 F.2d 94 (1st Cir. 1992); Soar v. National Football League Players' Assn., 550 F.2d 1287 (1st Cir. 1977); A.F. Lusi Construction, Inc. v. Peerless Ins. Co., 847 A.2d 254 (R.I. 2004). Summary judgment is particularly appropriate in this civil action because plaintiff's claim is based upon an express

---

[4] See also Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996) ("An inference is only reasonable if it can be drawn from the evidence without resort to speculation.")(quoting Frieze v. Boatmen's Bank of Boston, 950 F.2d 538, 541 (8th Cir. 1991)).

contract, virtually all the undisputed, material facts supporting the motion are based upon the admissions - judicial and otherwise - of plaintiff, and the law is clear.

## IV. STATEMENT OF FACTS[5]

Plaintiff is a citizen of the State of Rhode Island. Summit is a small corporation with no more than ten (10) employees, and citizen of New York. Summit Sales is in the business of providing manufacturers with an independent sales force in certain geographical areas. Summit Sales represents manufacturers of large equipment (its clients) and helps them sell their products.

In May 2002, plaintiff agreed to serve as an agent of Summit Sales. He was to assist the equipment manufacturers in selling their products.

Plaintiff and Summit Sales agreed that plaintiff would be paid on a commission basis only. Summit Sales would split the commission it received from its clients/equipment manufacturers on sales of those clients' products in the geographical area assigned to plaintiff. Plaintiff was to get seventy percent (70%) of such commissions received by Summit Sales and Summit Sales was to retain thirty percent (30%).

Plaintiff and Summit Sales signed a writing. Exhibit I hereto. Plaintiff agreed to act as an independent sales agent for Summit Sales in certain geographical areas. Complaint, ¶¶4, 6, 10, Exhibit A to the Complaint, marked as Exhibit I at plaintiff's deposition and provided as Exhibit I.[6] Plaintiff also seeks damages for the purported failure of Summit Sales to obtain

---

[5] The recited facts are taken from the complaint and answer to counterclaim of plaintiff, the sworn-to responses of plaintiff to discovery requests of Summit Sales and the sworn deposition testimony of plaintiff. In the interest of brevity, the Local Rule 56 Statement of Undisputed Facts of Summit Sales is herein incorporated.

[6] Without waiving or prejudice and reserving its position that the May 15, 2002 writing does not set forth all the terms of the contract between it and plaintiff, for purposes only of this summary

liability insurance, Complaint ¶¶ 14-15 and 32-33, but admits that he sustained no damages as a result of such failure. Answer to Interrogatory No. 5 of Set I, Exhibit B; N.T. 82-83, Exhibit A. (Exhibit A houses the deposition notes of testimony to which reference is made in this Memorandum.)

By letter dated June 15, 2004 (Exhibit B to the Complaint and marked as Exhibit B at plaintiff's deposition), plaintiff notified Summit Sales that he was "resigning. . . as a [Summit Sales] sales representative. . . effective June 30, 2004 to pursue other interests."[7] N.T. 36, Exhibit A.

---

judgment motion, Summit Sales Sales accepts plaintiff's contention that the May 15, 2002 writing (Exhibit I) contains all the terms of the contract. Although plaintiff insists that the one (1) page May 15, 2002 writing contains the entire agreement between him and Summit Sales, a review of that document (Exhibit I) shows that the document only refers to the benefits to be enjoyed by plaintiff. The May 15, 2002 writing does not contain any provision merging or superceding any prior oral communications and does not contain the word "integrated." N.T. 20-23, Exhibit A. Thus, prior communications as to plaintiff's duties are not barred since the Parol Evidence Rules does not bar prior oral communications which do not contravene the terms of a written contract. Carlsten v. Oscar Gross & Son, Inc., 853 A.2d 1191, 1195 (R.I. 2004) And even under the most indulgent and generous reading of the May 15, 2002 document, there is no provision in it setting forth plaintiff's contractual duties and obligations. See, e.g., N.T. 23-32 and 67-70, Exhibit A. Moreover, if the May 15, 2002 writing were the entire contract, as plaintiff argues, it would fail for lack of consideration since by its terms, plaintiff had no duty to do anything on behalf of or perform any services for Summit Sales. See McGrath v. Rhode Island Retirement Bd, 906 F.Supp. 749, 762 (D.R.I. 1995); Restatement (Second) Contracts §17; Congregation Kadimak Toras-Moshe v. Delea, 405 Mass. 365, 540 N.E.2d 691 (Mass. 1989) (summary judgment granted on basis of lack of consideration rendering contract unenforceable).

[7] Exhibit B controls over the inconsistent averment of a June 30, 2004, resignation date pled in paragraph 17 of the complaint. See Ott v. Home Sav. & Loan Assoc., 265 F.2d 643, at 646n.1 (9th Cir. 1958). Summit Sales believes that plaintiff's so-called "other interests" referred to by plaintiff in his June 15, 2004 notice of resignation was to compete directly with it. The records of the Secretary of State of Rhode Island show that as of June 10, 2004, plaintiff had already formed a limited liability company of which he is manager, which company was authorized to engage in the same business as Summit Sales. Plaintiff never informed Summit Sales of his competing company. See N.T. 44-49.

## V. DISCUSSION

### A. Judgment Against Plaintiff on Count II (Equitable Claim of Unjust Enrichment)

Summit Sales recognizes that Fed. R. Civ. P. 8(a) permits the pleadings of inconsistent claims, but respectfully submits that at this late stage of this case, i.e. case will proceed to trial reasonably soon, plaintiff can not press inconsistent at-law (contract) and equitable claims (unjust enrichment) at trial. The orderly, speedy and least expensive resolution of this action is best assured by narrowing plaintiff's trial claims to those which he truly may have, if any. See Rule 1.

The same facts underly Count I (breach of contract - at law claim) and Count II (unjust enrichment - equitable claim) of the complaint. In his Complaint, plaintiff incorporates in Count II of the Complaint all the preceding paragraphs, including the entire fact section and Count I. He also seeks the same damages in Count I as he does in Count II.

However, an unjust enrichment claim is not appropriate in a situation where an express contract is pled, as in this case. This "equitable doctrine [of unjust enrichment] only applies where there is no contract. . . . " Banco Totta e Acores v. Fleet Nat'l Bank, 768 F. Supp. 943, 946 n.3 (D.R.I. 1991) [emphasis in original]. See also Order of Chief Judge Torres in Microfibers, Inc. v. Systems & Computer Technology Corporation, et al., C.A. No. 01-0567 ("SCT Action") adopting portion of Report and Recommendation of Magistrate Judge Lovegreen (pages 1-2 and 26-27) in granting Rule 12(b)(6) motion of defendants dismissing unjust enrichment claim (Count XI in SCT Action), Exhibit C hereto; Mehan v. Gershkoff, 230 A.2d 867, 869-70 (R.I. 1967) ("It is well settled that where there is an express contract between the parties . . . there can be no implied contract [of unjust enrichment] . . . ."); Cazabat v. Metropolitan Property and Cas. Ins. Co., 2100 W.L. 19110089 (R.I. Super. - Supreme Court

Chief Justice Williams) at *7 (same); 17 Am.Jur.2d Contracts §725 (upon a breach, party "may either sue upon his contract . . . or sue upon a quantum meruit . . ., but he can not pursue both remedies. . . . ").

Summit Sales recognizes that the Rules permit the pleading in the alternative of inconsistent theories. However, when, as here, a case approaches trial, a party must elect one of the inconsistent theories on which he wishes to proceed at trial. There are at least two (2) basic reasons for requiring a plaintiff to make an election as the case approaches trial. First, plaintiff may not have a double recovery. Second, plaintiff must offer proof at trial to support his theories. And as explained below, plaintiff's admissions show that he can not prove an unjust enrichment claim since his proof supports and supports only a claim based upon an express contract.

Based upon plaintiff's responses to discovery and deposition testimony, it is clear that plaintiff has elected to proceed on his express contract theory. It is plaintiff's admissions which establish an express contract (at law) claim, and not an unjust enrichment (equity) claim. See Answers and Supplemental Amended Answers to Plaintiff's Interrogatories Nos. 10-11 and 16-18 (Set I); Answers of Plaintiff to Interrogatories Nos. 1-6 (Set III); Response of Plaintiff to Request for Admissions Nos. 1-5, collectively Exhibit D; N.T. 20-29, 49-50 and 58-59, Exhibit A.

Further, and so there is no uncertainty, Summit Sales does not deny that there was a contract (and also an agency relationship) between Summit Sales and plaintiff. Summit Sales disputes only plaintiff's contention that the May 15, 2002 writing contains all the terms of the contract. This disagreement, however, is not relevant to the obligation of plaintiff to elect now

his remedy, i.e., his at-law contract claim. Accordingly, judgment should be entered in favor of Summit Sales and against plaintiff on Count II of the Complaint.

**B. Judgment Against Plaintiff on His Demand for Attorneys Fees**[8]

Although plaintiff demands attorneys fees in Counts I and II of his Complaint, he cites no provision in his contract (Exhibit I) or any statute authorizing such recovery. The American Rule requires that each party to a lawsuit pay its own attorneys fees. Metro Properties, Inc. v. Yatsko, 763 A.2d 617, 622 (R.I. 2000); Newport Yacht Management, Inc. v. Clark, 567 A.2d 364, 367 (R.I. 1989). The American Rule supports a judgment against plaintiff on his demand for attorneys fees.

Further, the American Rule requires that each party to a lawsuit pay its own attorneys fees. Metro Properties, Inc. v. Yatsko, 763 A.2d 617, 622 (R.I. 2000); Newport Yacht Management, Inc. v. Clark, 567 A.2d 364, 367 (R.I. 1989). The American Rule supports the grant of a summary judgment dismissal of plaintiff's demand for attorneys fees.

Summit Sales recognizes that under exceedingly limited circumstances - "a complete absence of justiciable issue of either law or fact" - a party may be entitled to recovery of attorney fees in a contract action under R.I.G.L. §9-1-45. [emphasis added]. But this statute is of no avail to plaintiff. First, he has not pled it. Second, the statute is in derogation of the common law (American Rule against award of attorneys fees to prevailing party) and is, thus, to be strictly construed. Mignone v. Fieldcrest Mills, 556 A.3d 35, 39-40 (R.I. 1989). Third, the Rhode Island Supreme Court has made it abundantly clear that even in those cases when a court grants a

---

[8] Summary judgment is authorized as to legal issues. See 10B C. Wright, A. Miller & M. Kane Federal Practice and Procedure, § 2737 at 320-322 (3d ed. 1998).

directed verdict (which requires a finding by the court of a lack of competent, credible evidence to support claim of losing party), the demanding standard of §9-1-45 is not necessarily satisfied. See USB Sand & gravel v. Rosenfield Concrete, 641 A.2d 75, 79-80 (R.I. 1994) (document relied upon by losing party actually negated intent of plaintiff to sell realty and, thus, claim of breach of P&S barred by statute of frauds. Even under these stark facts compelling the grant of a directed verdict, the attorneys fees award under §9-1-45 was vacated by the Rhode Island Supreme Court).

Most importantly, plaintiff has pled in his Complaint and testified at his deposition and sworn in his answer to interrogatories that his claim is based upon the express contract between him and Summit Sales and that the May 15, 2002 writing (Exhibit I) contains the terms as to the contractual obligations/duties of Summit Sales to him. See Answers and Supplemental Amended Answers of Plaintiff to Interrogatories Nos. 10-11 and 16-18 (Set I); Answers of Plaintiff to Interrogatories Nos. 1-6 (Set III); Response of plaintiff to Request for Admissions Nos. 1-5, Exhibit D; and N.T. 20-29, 49-50 and 58-59, Exhibit A.[9]

Accepting plaintiff's pleading, sworn-to responses to written discovery and sworn deposition testimony that the May 15, 2002 writing contains all of the contractual duties of Summit Sales, the absence of any promise whatsoever in that document by Summit Sales to pay

---

[9] Summit Sales observes that although plaintiff admits that he was an agent of Summit Sales, he puzzlingly rejects that he owed it the duties of loyalty, utmost good faith, and to obey directions and not compete with it during his agency relationship, which duties are uniformly and universally recognized as owed by agent to his principal. See Kessler v. Bishop, 153 A. 249 (R.I. 1931); Rego Displays, Inc. v. Fournier, 379 A.2d 1098 (R.I. 1977); Restatement (2d) Agency §§ 385, 387, and 393. Perhaps this lack of understanding explains, if not excuses, the breaches of duties committed by plaintiff.

plaintiff his legal fees in the event of litigation between him and it also bars him from recovering such fees.

For these reasons, judgment should be entered in favor of Summit Sales and against plaintiff on plaintiff's claim for attorneys fees in Counts I and II of the Complaint.

**C. Judgment should be Entered in Favor of Summit Sales on Affirmative Defense Nos. 2 (Waiver) and 3 (Estoppel)**

Plaintiff/counterclaim-defendant has pled the affirmative defenses of waiver (No. 2) and estoppel (No. 3) in his Answer to the Counterclaim of Summit Sales. Plaintiff bears the burden of proof as to these pled affirmative defenses. Volino v. General Dynamics, 539 A.2d 531, 533 (R.I. 1988); Cerio v. Marque, 179 A.2d 855, 856 (R.I. 1962).

In his responses to the Interrogatories of Summit Sales Nos. 9 and 10 (Set III) as to the facts and the identity of persons having knowledge and documents supporting these affirmative defenses, counterclaim defendant/plaintiff responded "None" in his response to Request for Production of Documents Nos. 7 and 8 (Set II) as to documents supporting these affirmative defenses, counterclaim defendant/plaintiff responded "None." Collectively, Exhibit E

When a party pleads waiver of a contract right, he has the burden of proving that the waiver was a voluntary, intentional relinquishment of a known right or, if an implied waiver, the party must prove a "clear, unequivocal and decisive act" establishing such a waiver. Moreover, equitable estoppel calls for "extraordinary relief . . . which will not be applied unless the equities clearly are balanced in favor of the party seeking relief." Sturbridge Home Builders, INc. v. Downing Seaport, Inc., 890 A.2d 58, 65-67 (2005) [quotations and citation omitted]. In Sturbridge, the Rhode Island Supreme Court found that plaintiff had failed to support the

affirmative defenses of waiver and estoppel with "specific evidence demonstrating that summary judgement should be denied," and granted summary judgment against plaintiff. Id. at 65 [citations omitted]. Plaintiff/counterclaim-defendant assuredly can not carry his burden to prove these affirmative defenses at trial, if he, as he admits, has no facts supporting, no documents supporting and knows of no persons who have facts supporting them. Accordingly, summary judgment as to these affirmative defenses is appropriate.

**D. Judgment Should be Entered in Favor of Summit Sales on the Claim of Breach of Contract Based Upon Failure to Provide Disability Insurance**

In his Complaint, ¶¶14-15 and 32 - 33, plaintiff avers Summit Sales breached its contractual duty to provide disability insurance and demands damages for such breach 8in Count I of his Complaint. But plaintiff concedes both in his answers to interrogatories and at his deposition that he suffered no damages. See Answer to Interrogatory No 5 of Set I, Exhibit B, and N.T. 82-83, Exhibit A. Absent damages, plaintiff has no breach of contract claim. Block v. West Palm Beach, 112 F.2d 949, 951-52 (5th Cir. 1940) ("mere breach of an agreement which causes no loss to plaintiff will not sustain a suit by him for damages. . . .").

Accordingly, judgment should be ordered entered against plaintiff on his claim for damages based upon a purported failure by Summit Sales to obtain disability insurance.

## VI. CONCLUSION

WHEREFORE, for the foregoing reasons, defendant/counterclaim-plaintiff Summit Sales respectfully asks the Court to grant its summary judgment motion and enter an order granting judgment in favor of Summit Sales and against plaintiff/counterclaim-defendant on (1) Count II of the Complaint, (2) the claim of plaintiff for attorney fees asserted in the Complaint, (3)

Affirmative Defenses 2 (Waiver) and 3 (Estoppel) asserted by plaintiff/counterclaim-defendant in his Answer to the Counterclaim, and (4) the claim of plaintiff for damages for breach of contract based upon the purported failure of Summit Sales to obtain disability insurance.

Defendant/Counterclaim-plaintiff,
Summit Sales Associates, Inc.
By its attorney,

George E. Lieberman (3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

**CERTIFICATION**

I hereby certify that on the 13th day of March 2006, I mailed a true copy of the within Memorandum to Timothy J. Robenhymer, Esq., 376 Broadway, Providence, Rhode Island 02909.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;426745;1