UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **THOMAS E. NANGLE,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**SUMMIT SALES ASSOCIATES, INC.,**<br>**Defendant.** | : | **C.A. No: 05-029ML** |
| ****************************************<br>**SUMMIT SALES ASSOCIATES, INC.,**<br>**Counterclaim Plaintiff,**<br><br>**vs.**<br><br>**THOMAS E. NANGLE,**<br>**Counterclaim Defendant.** | : | |

## LOCAL RULE 56 STATEMENT OF UNDISPUTED FACTS OF DEFENDANT/COUNTERCLAIM-PLAINTIFF SUMMIT SALES ASSOCIATES, INC.[1]

1. Plaintiff is a citizen of the State of Rhode Island. Complaint and Answer ("Complaint") 1[2]

2. Summit Sales is a corporation and citizen of New York. Complaint 2.

3. Summit Sales is a small corporation having no more than ten (10) employees. Counterclaim of Summit Sales and Answer of Counterclaimant defendant Nangle 3 ("Counterclaim"); Deposition Transcript of Plaintiff 15 (N.T."), Exhibit A

4. Summit is in the business of providing equipment manufacturers with an independent sales force in certain geographical areas. Complaint 5

---

[1] Pursuant to Local Rule 7(e), Summit Sales respectfully requests oral argument, if convenient to and deemed helpful by the Honorable Court.

[2] Summit Sales provides as Exhibits those documents which are not on file with the Court, e.g., discovery documents.

5. Summit Sales represents manufacturers of large equipment assisting them in selling their products to customers, such as rental stores, contractors, suppliers and equipment dealers. Counterclaim 3

6. In May 2002, plaintiff/counterclaim-defendant agreed to serve as an independent sales representative or agent of Summit Sales. Counterclaim 5; N.T. 6, 15, 27, Exhibit A

7. Plaintiff and Summit Sales signed a writing dated May 15, 2002, Exhibit A to the Complaint and hereto as Exhibit I. Complaint 4.[3]

8. Plaintiff was to be paid for services on a commission basis only. Complaint 11

9. Plaintiff was to be paid 70% of commissions received by Summit Sales from equipment manufacturers for sales made in plaintiff's assigned geographical area from May 15, 2004 to June 15, 2004, i.e., to the extent Summit Sales was paid commissions, it was to split 70/30 % such commissions between plaintiff (70%) and itself (30%). N.T. 16-17, 24- 26, 39, 54, Exhibit A; Complaint 12.

10. By letter dated June 15, 2004 (Exhibit B to Complaint), plaintiff notified Summit Sales that he was "resigning. . . as a [Summit Sales] sales representative. . . effective June . . . [30], 2004 to pursue other interests." Complaint 17 and Exhibit B thereto.[4]

---

[3] Summit Sales does not dispute that Exhibit I sets forth some of the terms of the contract between it and plaintiff. For the purpose only of its summary judgment motion and without waiving and without prejudice to and reserving its position that the May 15, 2002 one page writing contains some, but not all the terms of the contract between it and plaintiff, Summit Sales accepts plaintiff's contention that the writing (Exhibit I) sets forth all the terms of the contract.

[4] Exhibit B controls over the inconsistent averment of a June 15, 2004 resignation pled in paragraph 17 of the Complaint. See Ott Home Sav. & Loan Assoc., 265 F.2d 643, 646n.1 (9th Cir. 1958).

11. Plaintiff sustained no damages as a result of the purported failure of Summit Sales to obtain disability insurance for him. Answer to Interrogatory No. 5, Set I; Exhibit B; N.T. 82-83.

Defendant/Counterclaim-plaintiff,,
Summit Sales Associates, Inc.
By its attorney,

George E. Lieberman (3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, RI 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

**CERTIFICATION**

I hereby certify that on the 13th day of March 2006, I mailed a true copy of the within Statement of Undisputed Facts to Timothy J. Robenhymer, Esq., 376 Broadway, Providence, Rhode Island 02909.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;427802;1